# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES, | ) 1:07cv1659 AWI DLB |
| | ) |
| Plaintiff, | ) INFORMATIONAL ORDER |
| v. | ) |
| FRESNO COUNTY SUPERIOR COURT, | ) |
| Defendant. | ) |

INFORMATIONAL ORDER TO PRO SE PRISONER LITIGANTS

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action. In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (F.R.C.P.) and the Local Rules of the United States District Court, Eastern District of California (Local Rules). This order highlights specific rules of which the parties should take particular note. FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS. See Local Rule 11-110; F.R.C.P. 41(b).

1. Documents intended to be filed with the court must be mailed to the Clerk of the Court. See Local Rule 5-134(a). All documents improperly mailed to a judge's chambers will be stricken from the record.[1] A document requesting a court order must be styled as a motion, not a

---

[1] When a document is stricken, it becomes a nullity and is not considered by the court for any purposes.

1

letter.  See F.R.C.P. 7.

2.  Each document submitted for filing must include the original signature of the filing party or parties.  Local Rule 7-131; F.R.C.P. 11(a).  <u>All documents submitted without the required signature(s) will be stricken</u>.  Each separate document must be separately stapled.  See Local Rule 7-130.  If a document is stapled behind another document, it will not be filed and will not enter the court docket.

3.  All documents filed with the court must be submitted with an additional legible conformed copy for the court's use.  See Local Rule 5-134(b).  <u>A document submitted without an extra copy for the court's use will be stricken</u>.  If the filing party wishes the court to return a file-stamped copy, he or she must include an additional copy for that purpose (i.e., submit an original and two copies, one for the court's use and one to be returned) AND a pre-addressed postage paid envelope.  <u>The court cannot provide copy or mailing service for a party</u>, even for an indigent plaintiff proceeding in forma pauperis.  Copies of documents from the court file may be obtained at the cost of fifty cents per page.

4.  After defendants have appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the court must include a certificate of service stating that a copy of the document was served on the opposing party.  See F.R.C.P. 5; Local Rule 5-135.  <u>A document submitted without the required proof of service will be stricken</u>.  Where a party is represented, service on the party's attorney of record constitutes effective service.

5.  All filings must bear the file number assigned to the action, followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned and the letter "P."  Where plaintiff simultaneously pursues more than one action, he or she must file separate original documents and the appropriate number of copies in each action to which the document pertains.  <u>Documents submitted listing more than one case number in the caption will be stricken</u>.

6.  The court cannot serve as a repository for the parties' evidence (i.e., prison or medical records, witness affidavits, etc.).  The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment,

1  at trial, or when requested by the court).  <u>Evidence improperly submitted to the court will be
2  stricken and returned to the party</u>.

3        7.  No discovery may be conducted until an answer is filed and the court issues an order
4  opening discovery.  Discovery propounded on a party is self-executing, and must be served
5  directly on the party from whom discovery is sought; parties should not file copies of their
6  discovery with the court.  <u>See</u> Local Rules 33-250, 34-250, 36-250.  <u>Discovery documents
7  inappropriately submitted to the court will be stricken</u>.  Where the response to discovery is
8  unsatisfactory, the party seeking discovery may file a motion to compel discovery, including a
9  copy of the discovery propounded and the response thereto.  <u>See</u> F.R.C.P. 37.

10        8. Along with the discovery order, the Court will set scheduling dates for the close of
11  discovery and pretrial motion activities, for pretrial conference, and for trial.  Because plaintiff is
12  incarcerated and proceeds pro se, all pretrial motions will be submitted without a hearing.  <u>See</u>
13  Local Rule 78-230(m).  The parties are referred to Local Rule 78-230(m) for the briefing
14  schedule on motions, motion activities, for pretrial conference, and for trial.

15        9.  All court deadlines will be strictly enforced.  Requests for time extensions must state
16  the reason the extension is needed and must be filed with the court before the deadline in
17  question.  <u>See</u> Local Rule 6-142.

18        10.  A pro se plaintiff has an affirmative duty to keep the court and opposing parties
19  apprised of his or her address.  If a plaintiff moves and fails to file a notice of change of address,
20  service of court orders at plaintiff's prior address shall constitute effective notice.  <u>See</u> Local
21  Rule 83-182(d).  If mail directed to plaintiff is returned by the U.S. Postal Service as
22  undeliverable, the court will not attempt to remail it.  <u>If the address is not updated within sixty
23  days of the mail being returned, the action will be dismissed for failure to prosecute</u>.  <u>See</u> Local
24  Rule 83-183(b).

27     IT IS SO ORDERED.
28     **Dated:   January 22, 2008**          /s/ Dennis L. Beck

| | |
|---|---|
| 1 | UNITED STATES MAGISTRATE JUDGE |