# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES, | ) 1:07cv001659 AWI GSA |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT |
| v. | ) WITH LEAVE TO AMEND |
| FRESNO SUPERIOR COURT, | ) |
| Defendant. | ) |

Plaintiff John Ray Dynes ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 19, 2007. On that same day, Plaintiff also filed a motion to proceed in forma pauperis.

A.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the

1

light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Plaintiff's claims

Plaintiff is suing Department 71 of the Fresno Superior Court because he was ordered to pay restitution as part of his criminal sentence.  Restitution in the amount of $200 was imposed in January 2005, and restitution in the amount of $400 was imposed in March 2006.  Plaintiff contends that the restitution order violates the Eighth Amendment of the California Constitution because he has no means to pay the restitution.  He requests that his restitution be terminated because the restitution payments deplete the little income he has in prison. He further requests that the amounts paid since 2005 be returned.

C.     Analysis

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F. 3d 978 (th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

1. *California Constitution*

Plaintiff's complaint alleges a violation of the California Constitution, which is beyond the scope of a 1983 claim, and he has therefore failed to state a cognizable claim. In order to state a 1983 claim, Plaintiff must cite a violation of the United States Constitution, and he must clearly state how his rights have been violated.

2. *Defendant*

Plaintiff's complaint also fails to name an individual as a defendant. He names Department 71 of the Fresno Superior Court as the defendant. As such, he has not established a direct personal participation in the deprivation. In order to state a 1983 claim, Plaintiff must name a specific individual responsible for the alleged deprivation.

It appears that in naming Department 71 of the Fresno Superior Court, Plaintiff may be attempting to name the judge who imposed his sentence or the County Clerk. While judges and court clerks are immune from monetary damages in section 1983 actions, they may be liable for injunctive relief. In asking that his restitution be terminated and that money collected to date be returned, Plaintiff is seeking a form of injunctive relief. However, a section 1983 action may not be brought against a judicial officer for an act or omission taken in such officer's judicial capacity, and injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Plaintiff must therefore establish that a declaratory decree was violated or declaratory relief was unavailable.

3. *Nature of Claims*

It appears that Plaintiff may have been sentenced to pay restitution pursuant to California Penal Code § 1202.4. Plaintiff is advised that Article I, section 28, subdivision (b) of the California Constitution provides that "[r]estitution shall be ordered from the convicted person in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, unless compelling or extraordinary reasons exist to the contrary..." Penal Code section 1202.4(b) implements this constitutional mandate and provides that in every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine unless it finds compelling and extraordinary reasons for not doing so. Thus, victim restitution is

mandatory, and a sentence without a restitution award is invalid. People v. Hudson, 113 Cal. App. 4th 924, 929 (2003).

The restitution shall be set at the discretion of the court and be commensurate with the seriousness of the offense, but shall not be less than $200 and not more than $10,000, if the person is convicted of a felony. Cal. Penal Code. § 1202.4(b)(1). The court shall impose the restitution fine unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. Cal. Penal Code § 1202.4(c). A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine. Id. Inability to pay may be considered only in increasing the amount of the restitution fine in excess of the two hundred dollar minimum. Id.

While the Ninth Circuit has not specifically addressed the constitutionality of section 1202.4 of the California Penal Code, it has addressed whether the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, a federal statute that makes restitution mandatory for certain crimes without regard to a defendant's economic situation, violated the Eight Amendment. The court held that in the restitution context, because the full amount of restitution is inherently linked to the culpability of the offender, restitution orders that require full compensation in the amount of the loss are not excessive and do not violate the Eighth Amendment's prohibition against cruel and unusual punishment. U.S. v. Dubose, 146 F.3d 1141, 1148 (1998). In rejecting the plaintiff's arguments, the court stated that "mandatory penalties may be cruel, but they are not unusual in the constitutional sense." Id. at 1146 (citing Harmelin v. Michigan, 501 U.S. 957 (1991)). In finding the MVRA constitutionally valid, the Ninth Circuit noted that in the context of restitution orders, "cruel and unusual punishment is a difficult standard to meet" given that the fine imposed must be grossly disproportionate to the crimes committed. Id. at 1145, 1147.

4.    *Opportunity to Amend*

Therefore, Plaintiff's case shall be dismissed. However, Plaintiff will be given leave to amend his complaint.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

"complete in itself without reference to the prior or superceded pleading."  Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a civil rights complaint form; and

2.  Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court.

Failure to comply with this order will result in a recommendation that this action be dismissed for failure to follow a Court order.

IT IS SO ORDERED.

Dated:   **January 23, 2008**            **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE