# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RAY DYNES, ) | 1:07cv001659 AWI DLB |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING DISMISSAL OF ACTION |
| v. ) | |
| ) | |
| FRESNO SUPERIOR COURT, ) | |
| ) | |
| ) | |
| Defendant. ) | |

Plaintiff John Ray Dynes ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 19, 2007. Pursuant to the Court's January 24, 2008, order, Plaintiff submitted an amended complaint on February 7, 2008. For the reasons discussed below, Plaintiff's amended complaint fails to state a claim for which relief can be granted and should be dismissed without leave to amend.

A.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v.

1

1  Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the
2  light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and
3  resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4  B.   Plaintiff's claims

5    Plaintiff's amended complaint names Fresno County Superior Court Judge Gary D. Hoff
6  as the Defendant and seeks a reduction of all fines imposed that exceed the statutory minimum of
7  $200, as well as reimbursement "of all other money that has been collected." Amended
8  Complaint, at 3. Plaintiff contends that the restitution order violates the Eighth Amendment
9  because he cannot pay the fine amount.

10  Plaintiff attaches an August 21, 2007, order from the Fresno County Superior Court
11 denying his ex parte motion for reconsideration of fines imposed. The Court denied his motion
12 because he did not object to the fine at the time of his March 20, 2006, sentencing, nor did he
13 request a hearing. "Defendant cannot now complaint of the court's imposition of the restitution
14 fine." Order, Aug. 21, 2007, attached to Amended Complaint.

15 C.   Analysis

16  Plaintiff has named a state court judge as the sole Defendant. It appears that Judge Hoff
17 signed the August 21, 2007, order denying Plaintiff's requested relief.

18   Section 1983 only contemplates judicial immunity from suit for injunctive relief for acts
19 taken in a judicial capacity. The statute provides that "injunctive relief shall not be granted" in
20 an action brought against "a judicial officer for an act or omission taken in such officer's judicial
21 capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42
22 U.S.C. § 1983.

23  Plaintiff has not demonstrated that Defendant Hoff violated a declaratory decree. Insofar
24 as he attaches the August 21, 2007, order, to suggest that declaratory relief was unavailable, his
25 attempt is unavailing. The order suggests that Plaintiff could have challenged his fine amount at
26 the time it was imposed or requested a hearing, but did not do so. Indeed, under California Penal
27 Code section 1202.4, the section under which Plaintiff's fine was imposed, Plaintiff had the right
28 to a hearing to dispute the determination of the amount of restitution.

1  Cal.Pen.Code § 1202.4(f)(1).  That Plaintiff did not timely take advantage of state remedies does
2  not mean that relief was not available.  Plaintiff also could have appealed Judge Hoff's August
3  21, 2007, order, but did not do so.  In other words, Plaintiff has numerous state remedies
4  available to him.
5      Therefore, Plaintiff has not demonstrated sufficient facts to allow an action for injunctive
6  relief to go forward against Defendant Hoff, a  judicial official.  Accordingly, the Court
7  recommends that this action be DISMISSED WITHOUT LEAVE TO AMEND.

### **RECOMMENDATION**

9      Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's amended complaint
10  be DISMISSED WITHOUT LEAVE TO AMEND.
11      These findings and recommendations will be submitted to the Honorable Anthony W.
12  Ishii, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after
13  being served with these findings and recommendations, Plaintiff may file written objections with
14  the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
15  Recommendations."  Plaintiff is advised that failure to file objections within the specified time
16  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
17  Cir. 1991).

20      IT IS SO ORDERED.

21      Dated:   **February 25, 2008**         /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE